# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

OLESKII VERMENYCH,

     Petitioner,

v.                                           No. 26-cv-1098-SMD-KK

WARDEN CASTRO, Otero County Processing Center,
Field Office Director of Enforcement and
Removal Operations, El Paso Field Office, Immigration and Customs
Enforcement; TODD LYONS, Acting Director
Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Secretary, U.S. Department
Of Homeland Security; AND U.S. Attorney General,

     Respondents,[1]

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court on Petitioner Oleskii Vermenych's Second Petition for

Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) ("Second Petition").  Petitioner seeks a

release from immigration custody.  Because he is currently subject to mandatory detention under

8 U.S.C. § 1231, the Court will require him to show cause, if any, why the Second Petition should

not be dismissed without prejudice.

## BACKGROUND

Petitioner is detained at the Otero County Processing Center in Chaparral, New Mexico.

He entered the United States in 2024 and was initially released on parole.  *See* Doc. 1 at 9.  On

---

[1] The Court will add the above-mentioned parties as Respondents in this case.  *See Torres-Torres v. Miller,* 2020 WL 4430519 (D.N.M. July 31, 2020) (discussing the party respondents in an immigration habeas case); *Lowmaster v. Dir., Bureau of Prisons*, 2024 WL 5135970, at *1 (D. Kan. Dec. 17, 2024) ("the Court notes that it routinely substitutes the" proper parties as "respondent in habeas cases"); *Danderson v. Page*, 2024 WL 3913051, at *2 (E.D. Okla. Aug. 20, 2024) (substituting the proper party respondent in a habeas case).

January 24, 2025, Petitioner was detained at the border near El Paso, Texas after he departed the United States without advance authorization and attempted to reenter without valid entry documents. *See* Doc. 36 in Lead Case No. 25-cv-0764 WJ-DLM.[2] Immigration officials initially issued a Notice and Order of Expedited Removal. *Id.* Petitioner asserted a Convention Against Torture ("CAT") claim; sought additional review by the immigration court; and was placed into full removal proceedings under 8 U.S.C. § 240. *Id.*

Petitioner filed his first 28 U.S.C. § 2241 petition on August 11, 2025. *See* Doc. 1 in Consolidated Case ("First Petition"). Petitioner asked the Court (Hon. William Johnson) to release him from custody and reconsider any order of removal. Petitioner argued he was traveling from Phoenix to Austin but entered Mexico by accident. *Id.* The matter was referred to Magistrate Judge Damian Martinez, who recommended denying the First Petition. *See* Doc. 36 in Lead Case. Judge Martinez determined that Petitioner's parole automatically terminated upon his departure from the United States, and he was properly classified as an arriving noncitizen under 8 U.S.C. § 1225 upon reentry. *Id.* Judge Johnson adopted the recommendation and denied the First Petition. *See* Doc. 38 in Lead Case. Final Judgment was entered on March 23, 2026. *See* Doc. 17 in Consolidated Case.

Petitioner filed the Second Petition on April 9, 2026. Doc. 1. The Second Petition attaches a copy of his removal order, which became final on April 2, 2026 (*i.e.,* after Judge Johnson

---

[2] Petitioner's first § 2241 action, *Vermenych v. U.S. Immigration and Customs Enforcement*, 25-cv-0767 WJ-DLM, was consolidated with the § 2241 action filed by Anton Horbenko, *Horbenko v. U.S. Immigration and Customs Enforcement*, 25-cv-0764 WJ-DLM. Petitioner and Horbenko drove into Mexico together and were both apprehended while reentering United States.

Case No. 25-cv-0764 WJ-DLM will be referred to as the "Lead Case," and Case No. 25-cv-0767 WJ-DLM will be referred to as the "Consolidated Case."

denied the First Petition).   *Id.* at 15.   The Second Petition raises a claim under *Zadvydas v. Davis,* 533 U.S. 678, 687 (2001) and argues that removal is not reasonably foreseeable.   Petitioner filed two Motions to Proceed *In Forma Pauperis* (Doc. 2, 4) along with the Second Petition, which reflects he cannot prepay the $5.00 filing fee.   The Court will grant those motions and conduct an initial review of the Second Petition.

## DISCUSSION

Habeas corpus relief is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3).   Courts conduct an initial review of *pro se* habeas petitions to determine whether the claims raise a colorable request for relief.   *See* Habeas Corpus Rules 1, 4.   "If it plainly appears from the petition and any attached exhibits that the moving party is not entitled to relief in the district court, the Judge must dismiss the petition."   Habeas Corpus Rule 4(b).   "If the petition is not dismissed, the Judge must order … an answer."   *Id.*

### A.   Second or Successive Habeas Filings Under 28 U.S.C. § 2241

When a petitioner files multiple § 2241 petitions, the later-filed cases generally proceed in one of two ways.   If the first § 2241 case is still pending, the later-filed petition is generally dismissed as duplicative and without prejudice.   *See, e.g., Horbenko v. Lyons,* 26-cv-0751-KWR-DLM (dismissing duplicate § 2241 immigration petition); *Anis v. Bondi*, 26-cv-0865-KG-DLM (same); *Leon-Chapa v. Janecka*, 26-cv-1060-MIS-GBW (same); *Izquierdo v. Warden*, 26-cv-1117 SMD-JHR (same).   The petitioner is then free to continue prosecuting claims in his or her existing § 2241 case.   *Id.*

If the first § 2241 case was denied on the merits and a final judgment has been entered, the

3

Court may dismiss the second petition as an abuse of the writ.  *See Tashchian v. Warden of Golden State Annex Det. Facility*, 2025 WL 3194356, at *1 (E.D. Cal. Oct. 2, 2025) (dismissing section § 2241 immigration petition based on the abuse of the writ doctrine); *Garza Gutierrez v. Department of Homeland Security*, 2026 WL 788077, at *1 (W.D. Wis. Mar. 20, 2026) (issuing a warning regarding abuse of the writ).  The "abuse of the writ" doctrine developed in the case law and is similar to the statutory bar on successive habeas petitions under 28 U.S.C. §§ 2254 and 2255.  *See Stanko v. Davis,* 617 F.3d 1262, 1268 (10th Cir. 2010) (discussing the differences between the statutory bar and the abuse of the writ doctrine).  The doctrine permits courts to dismiss successive § 2241 claims that were raised in a prior petition as well as new "claims [that] could have been raised in an earlier application [for writ of habeas corpus] but were not."  *Stanko v. Davis*, 617 F.3d 1262, 1270 (10th Cir. 2010).

While there is some overlap between the arguments in Petitioner's two cases, the procedural landscape has changed since the First Petition was denied.  When Judge Johnson entered final judgment, Petitioner was detained pursuant to 8 U.S.C. § 1225.  Petitioner is now detained pursuant to 8 U.S.C. § 1231.  The immigration court entered a removal order on March 2, 2026; Petitioner did not appeal; and the order is final.  *See* Doc. 1 at 15; *see also* https://acis.eoir.justice.gov/en/caseInformation (reflecting no appeal was filed by the April 2, 2026 deadline).  Based on these developments, and because it appears the Second Petition must be dismissed on other grounds, the Court declines to summarily dismiss this case as an abuse of the writ.

4

**B.    Petitioner is Subject to Detention During the 90-Day Removal Period**

Section 8 of Title 1231 governs detention when a noncitzen is subject to a final order of removal.  *See Johnson v. Guzman Chavez*, 594 U.S. 523, 526 (2021) ("We conclude that § 1231 … governs the detention of [noncitizens] subject to … orders of removal").   The Government is expected to secure a noncitizen's removal within 90 days after issuing the removal order.  *See Zadvydas v. Davis,* 533 U.S. 678, 682 (2001); 8 U.S.C. § 1231(a)(1).   "During the 90-day removal period, [the noncitizen] … must be held in custody."  *Zadvydas,* 533 U.S. at 683 (citing § 1231). After that, the Government may continue detaining the noncitizen only for as long as is "reasonably necessary" to secure their removal.  *Id*.   The Supreme Court determined that a six-month detention period is presumptively reasonable.  *Id.* at 701.

Petitioner's final removal order was entered less than 90 days ago on March 2, 2026.   He is therefore subject to mandatory detention and cannot be released at this time.  *See Zadvydas,* 533 U.S. at 683; 8 U.S.C. § 1231(a)(2)(A) ("During the [90-day] removal period, the Attorney General shall detain the alien").   Petitioner is also not entitled to a bond hearing during the removal period.  *See Gregorio, v. Warden,* 2026 WL 810004, at *2 (E.D. Cal. Mar. 24, 2026) ("Petitioner is … not entitled to a bond hearing because during the 90-day removal period set forth in § 1231(a)(1)(A), his detention is mandatory"); *Johnson*, 594 U.S. at 526 (noncitizens who are detained under § 1231 and who are subject to a final removal order "are not entitled to a bond hearing").

Petitioner nevertheless seeks a release because removal to his home country (Ukraine) will not be possible at any point.   Second Petition at 10-14.   Petitioner attaches pleadings relating to Anton Horbenko's claim under *Zadvydas*, which show that the Department of Homeland Security

5

is no longer scheduling flights to Ukraine.   *Id.* at 19.   Accepting these facts are true, they do not warrant a release.   Petitioner's removal order reflects immigration officials granted a withholding of removal.   Second Petition at 15, 18.   Such decision means that Petitioner is not removable to Ukraine, but he is still subject to removal when immigration officials can find a third country that will accept him.   *See Us v. Doll*, 2018 WL 1400539, at *3 (M.D. Pa. Mar. 20, 2018) ("withholding of removal only means that the alien may not be sent to his home country where he faces a danger; he still remains subject to the order of removal and may be sent to a safe third country that will accept him"); *Reyna-Salgado v. Noem*, 2025 WL 2550346, at *1 (D. Kan. Aug. 11, 2025) (Applying *Zadvydas* where petitioner was subject to a "withholding of removal" order). Petitioner has therefore not shown removal is impossible or that this Court has authority to release him during the 90-day removal period.   *See Gomez v. Chestnut,* 2025 WL 1695359, at *2 (D. Nev. June 17, 2025) (citing *Khotesouvan v. Morones*, 386 F.3d 1298, 1301 (9th Cir. 2004) and noting that "an alien ordered to be removed cannot bring a colorable claim for release … during the 90-day removal period").

To the extent Petitioner intends to challenge the removal order itself based on the argument that he accidentally entered Mexico, relief is also unavailable.   Congress enacted 8 U.S.C. § 1252, known as the "zipper clause," to limit District Courts' jurisdiction over claims challenging removal orders.   *See Jennings v. Rodriguez,* 583 U.S. 281, 316-17 (2018).   Under the zipper clause, District Courts generally lack jurisdiction over "all questions of law and fact" that arise from a removal order, and "[n]either habeas corpus" nor "any other provision of law" can be used to avoid § 1252(b)(9)'s jurisdictional bar.   *Id.* at 317.   This Court cannot consider whether the immigration judge failed to properly weigh evidence or equitable considerations in connection

6

with the removal order. *See Nunes v. Joyce*, 2025 WL 2772578, at *5 (D. Me. Sept. 29, 2025) (court lacked jurisdiction over the argument that "the Immigration Judge erred in relying on allegedly unreliable [evidence]").

In sum, Petitioner is not entitled to a release from custody at this time. The Court will require Petitioner to file a response showing cause, if any, why the Second Petition should not be summarily dismissed without prejudice. The show-cause response is due within 21 days of entry of this Order. When drafting the response, Petitioner is reminded that the dismissal of a premature *Zadvydas* claim generally does not bar a detainee from obtaining relief in the future. *See, e.g., Nunez Mora v. Warden*, 2026 WL 915219, at *2 (D.N.M. Apr. 3, 2026) (dismissing premature *Zadvydas* claim but noting "Petitioner may refile his claims for prolonged detention after expiration of the six-month period"). Even if the Court determines relief is not available right now, Petitioner may refile the *Zadvydas* claim if immigration officials fail to effectuate his removal order by September 2, 2026. If Petitioner declines to timely comply with this Order, the Court may dismiss the case without prejudice to refiling.

**IT IS ORDERED** that within 21 days of entry of this Order, Petitioner shall file a show-cause response, as set forth above.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Proceed *In Forma Pauperis* (**Docs. 2, 4**) is **GRANTED.**

_____
HON. SARAH M. DAVENPORT
UNITED STATES DISTRICT JUDGE

7