**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

OLEKSII VERMENYCH,

*Petitioner*,

v. No. 2:26-cv-01098-SMD-JFR

WARDEN OF THE OTERO COUNTY
PROCESSING CENTER, *et al*.,

*Respondents*.

**ORDER**

THIS MATTER is before the Court on Petitioner's Petition for Writ of Habeas Corpus. The Court has reviewed the parties' submissions, the record, and the relevant law, and for the reasons set forth below, the Petition is GRANTED.

**BACKGROUND**

Petitioner, a citizen of Ukraine, applied for admission to the United States on May 22, 2024, at the Los Angeles International Airport and was granted humanitarian parole under the Uniting for Ukraine program. On January 24, 2025, Petitioner and a colleague were traveling in a vehicle and were detained by the Bridge of the Americas Port of Entry in El Paso, Texas. *See* Docs. 1, 16.

It is somewhat unclear in the parties' briefing as to the circumstances surrounding this detainment. Petitioner asserts that he "had no intention of violating any [] immigration laws" and "[t]echnically, [he] did not leave the United States or enter Mexico, but was in the buffer zone between the two countries"; he states this was the result of an "inadvertent navigational mistake during a work-related trip." Doc. 11 at 1. Respondents do not provide any further detail, stating only that Petitioner "applied for entry into the United States on or around January 24, 2025, at the

Bridge of the Americas Port of Entry near El Paso, Texas." Doc. 16 at 2. Petitioner has been detained since that date. An immigration judge granted Petitioner withholding of removal to Ukraine and ordered him removed on March 2, 2026. Doc. 1 at 11; Doc. 16 at 2.

Petitioner posits that the order of removal became final on March 2, 2026, rather than after a 30-day appeal period concluding on April 3, 2026, because he waived his right to appeal. Doc. 18 at 1 (citing 8 C.F.R. § 1241.1(b)). Petitioner asserts that his removal is not in the foreseeable future and his detention has become prolonged. Doc. 1 at 6, 12.

Petitioner filed a prior petition for writ of habeas corpus on August 11, 2025. *See Vermenych v. U.S. Immigration and Customs Enforcement*, Case No. 2:25-cv-00767-WJ-DLM. The petition was consolidated with another, with the lead case being *Horbenko v. U.S. Immigration and Customs Enforcement*, Case No. 2:25-cv-00764-WJ-DLM. Petitioner's prior petition was denied on March 12, 2026. *See Horbenko*, Doc. 38 at 2. Upon denying the petition, the court noted that the denial was a result of the statutory basis for Petitioner's detention, namely 8 U.S.C. § 1225(b)(2). The court explained that, should he receive a final order of removal, the statutory authority would shift to 8 U.S.C. § 1231(a) and "[n]othing in this [o]rder precludes Vermenych from filing a new habeas petition if his circumstances materially change." *Id.* at 2 n.1

**LEGAL STANDARD**

An application for habeas corpus pursuant to § 2241 may be granted only if the petitioner "is in custody in violation of the Constitution, or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal courts have habeas jurisdiction to examine the statutory and constitutional bases for an immigration detention unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003); *see also Ferry v. Gonzales*, 457 F.3d 1117, 1131 (10th Cir. 2006) (holding that the district court properly exercised jurisdiction over a habeas petition challenging

continued detention without a bonding hearing); *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) ("Challenges to immigration detention are properly brought directly through habeas.").

**DISCUSSION**

I. <u>The Court Has Subject Matter Jurisdiction</u>

The Court has subject matter jurisdiction to review Petitioner's claims. *See Tuck v. United Serv.'s Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (stating that a federal court has an independent obligation to assure itself of subject matter jurisdiction). Petitioner challenges his continued detention as a violation of the Due Process Clause. That constitutional claim differs from a challenge to a removal determination or bond eligibility. *See Ochieng v. Mukasey*, 520 F.3d 1110, 1115 (10th Cir. 2008) (citing *Demore*, 538 U.S. at 517). As one court explained, "[w]here a petitioner 'does not challenge any final order of removal, but challenges his detention prior to the issuance of any such order' the jurisdiction-stripping provisions do not apply." *Noori v. LaRose*, No. 25-cv-01824-GPC-MSB, 2025 WL 2800149, at *8 (S.D. Cal. Oct. 1, 2025) (quoting *Flores-Torres v. Mukasey*, 548 F.3d 708, 711 (9th Cir. 2008)). The Court finds that reasoning persuasive.

II. <u>Statutory Framework: 8 U.S.C. § 1231</u>

Under § 1231(a)(1), the government has a 90-day period in which to remove a noncitizen after a removal order becomes final. If the government is unable to effect removal within that 90-day period, continued detention becomes discretionary. *See* 8 U.S.C. § 1231(a)(6). Indefinite detention, however, is not permitted. *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001) ("In our view, the statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention.").

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699–700. If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court established a "presumptively reasonable period of detention" of six months "for the sake of uniform administration in the federal courts." *Id.* at 701. After this six-month period, if the noncitizen provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut the showing. *Id.*

Courts typically consider the cumulative time spent in detention when evaluating a habeas claim challenging detention as unreasonable per *Zadvydas*. *Vo v. Bondi*, No. 2:25-cv-02244-DGE, 2025 WL 3653722, at *3 (W.D. Wash. Dec. 17, 2025) ("The presumptively reasonable period of detention does not reset each time a noncitizen is detained; rather, the aggregate time in detention post removal order is considered."); *see, e.g.*, *Giorges v. Kaiser*, No. 25-cv-07683-NW, 2025 WL 2898967, at *8 n.5 (N.D. Cal Oct. 10, 2025); *Bulle v. Wesling*, No. 26-cv-00019-JJM-AEM, 2026 WL 183840, at *4 (D.R.I. Jan. 23, 2026).

## III. Petitioner's Continued Detention Violates 8 U.S.C. § 1231 Because His Removal Is Not Reasonably Foreseeable

Once the presumptively constitutional six-month period under *Zadvydas* elapses, Petitioner bears the burden to show his detention has become prolonged and potentially unlawful because there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 680. The Court finds that Petitioner has met his initial burden of proof and Respondents have failed to rebut this showing.

Here, Petitioner's detention period exceeds the presumptively constitutional six-month limit. Because Petitioner waived any appeal, his order of removal became final on March 2, 2026. *See Naghiyev v. Bondi*, No. 2:25-cv-01313-MIS-DLM, 2026 WL 700064, at *3 (D.N.M. Mar. 12, 2026) (discussing 8 C.F.R. § 1241.1(b) and finding that the "regulation is clear: finality attaches upon waiver by the noncitizen, not upon the expiration of the appeal period"). Thus, as of the present date, he has been detained for over seven months after entry of the final order of removal. *See* Doc. 1. Petitioner has been continuously detained for a total period of approximately 21 months.

In *Abiodun v. Musakey*, the court distinguished *Zadvydas*, noting that the *Zadvydas* petitioners faced indefinite detention because "their countries of origin would not accept them." 264 F. App'x 726, 729 (10th Cir. 2008). By contrast, the petitioner's country of origin in *Abiodun* had issued travel documents, and ICE had successfully placed the petitioner on chartered flights, leading the court to find a likelihood of removal in the foreseeable future. The present case is more analogous to *Zadvydas* and distinguishable from *Abiodun*.

Petitioner sets forth that Respondents have continuously detained him after his order of removal became final in March 2026, and has therefore shown there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *See* Doc. 1. Respondents have not filed any notice setting forth the acquisition of necessary travel documents or the scheduling of concrete travel plans. Though the Court recognizes that Petitioner filed his Petition on April 9, 2026, during the 90-day mandatory detention period, Respondents have had ample time since that date to update the Court in regards to their plans to effectuate removal and have failed to do so.

Indeed, Respondents acknowledge that they asserted in their response to the prior petition that removal was "not only reasonably foreseeable but is affirmatively scheduled." Doc. 16 at 3 (citing Ex. 1 at 4; Case No. 2:25-cv-00767-WJ-DLM, Doc. 14 at 4). Respondents further stated in their response to the prior petition that they "anticipate no impediments to removal." *Id.*, Ex. 1 at 4; *see also* Case No. 2:25-cv-00767-WJ-DLM, Doc. 14 at 4. Respondents' made these representations regarding removal being "affirmatively scheduled" over one year ago. Furthermore, because Petitioner has been granted withholding, Respondents may not remove Petitioner to Ukraine; the record does not reflect that Respondents have engaged in any efforts to locate a third country for removal and provided Petitioner constitutionally compliant procedures therefor.

Respondents do not set forth any additional basis for Petitioner's ongoing detention. Nor have Respondents set forth any facts establishing that Petitioner is responsible for the delay. Thus, Respondents have failed to rebut Petitioner's showing. *See Dao v. Rios*, No. 2:26-cv-00370-JB-DLM, 2026 WL 1103119, at *6-7 (D.N.M. Apr. 23, 2026) (collecting cases and noting that the "six-month presumption in *Zadvydas* is a practical guide, not a stopwatch. Detention beyond six months is permissible only while removal remains reasonably foreseeable, and courts routinely consider the total time a noncitizen has been detained under § 1231(a)(6) when applying that standard").

## CONCLUSION

Accordingly, it is hereby **ORDERED**:

1) The Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**;
2) Respondents **SHALL** release Petitioner within 48 hours, subject to reasonable conditions of release, such as regular check-ins;

3) Respondents **SHALL** provide Petitioner with all his personal belongings and facilitate Petitioner's transportation from the detention facility and provide all necessary identity and travel documents to return to his former address;

4) Respondents are **ENJOINED** from re-arresting or re-detaining Petitioner absent a change in circumstances showing that his removal is reasonably foreseeable, for instance, through the procurement of travel documents and concrete travel plans;

5) Respondents **SHALL NOT** remove Petitioner to any third country without first providing him with constitutionally compliant procedures, including written notice in a language he can understand and the opportunity to challenge his removal and present a fear-based claim;

6) Respondents **SHALL** file a notice of compliance within two business days of Petitioner's release. This notice must specify: (1) the date, (2) the time, and (3) the manner of departure (e.g., transport to a bus station, designated drop-off location, or other arrangements). Additionally, the notice must include (4) a description or copies of all discharge and travel documents provided to Petitioner at the time of release;

7) Petitioner's Motion to Expedite (Doc. 19) is **DENIED** as moot;

8) The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**IT IS SO ORDERED**.

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**